UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ACCESS FOR THE DISABLED, INC., a
Florida Not-For-Profit Corporation, ROBERT
COHEN, Individually, and PATRICIA
KENNEDY, Individually,

    Plaintiffs,

vs.

FT. LAUDERDALE HOSPITALITY, INC., a
Florida Corporation,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, ACCESS FOR THE DISABLED, INC., a Florida not-for-profit corporation, ROBERT COHEN, individually, and PATRICIA KENNEDY, individually, and on their behalf and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff" or "Plaintiffs"), sue Defendant, FT. LAUDERDALE HOSPITALITY, INC., and as grounds therefore allege:

### JURISDICTION, PARTIES, AND VENUE

1.    This is an action for injunctive relief, a declaration or rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.    The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq., pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, ROBERT COHEN, is an individual over eighteen years of age, residing and domiciled in Broward County, Florida, and is otherwise *sui juris*.

5. Plaintiff, PATRICIA KENNEDY, is an individual over eighteen years of age, residing and domiciled in Broward County, Florida, and is otherwise *sui juris*.

6. Plaintiff, ACCESS FOR THE DISABLED, INC., is a not-for-profit corporation formed under the laws of the State of Florida, and maintains its principal office at Coral Springs, Broward County, Florida.

7. At all times material, Defendant, FT. LAUDERDALE HOSPITALITY, INC., was and is a corporation authorized to do business in the State of Florida with agents and/or offices in Broward County, Florida.

8. Defendant, FT. LAUDERDALE HOSPITALITY, INC., owns or leases the property located at 2460 State Road 84, in Broward County, Florida, doing business as RED CARPET INN.

10. Venue is properly located in the Southern District of Florida because Defendants' property is located in and doing business within Broward County, and because a substantial part of the events or omissions giving rise to this claim occurred in Broward County, Florida.

FACTUAL ALLEGATIONS

11. Plaintiffs, ROBERT COHEN and PATRICIA KENNEDY, are individuals with disabilities as defined by the ADA. Plaintiff suffers from severe neurological and muscular disease that renders him unable to ambulate without a motorized device. Plaintiffs, ROBERT

COHEN and PATRICIA KENNEDY, have visited the property located at 2460 State Road 84, Dania, Florida that form the basis of this lawsuit and plan to return to the property to avail themselves of the goods and services offered to the public at the property. The Plaintiffs have encountered architectural barriers at the subject property. The Plaintiffs are also members of the Plaintiff organization, ACCESS FOR THE DISABLED, INC., discussed below.

12.  The barriers to access at Defendant's property have denied or diminished Plaintiffs' ability to visit the property and endangered their safety. The barriers to access, which are set forth below, have likewise posed a risk of injury, embarrassment, and discomfort to Plaintiffs.

13.  ACCESS FOR THE DISABLED, INC., is a not-for-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS FOR THE DISABLED, INC., and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow him or her to bring suit in his or her own right. ACCESS FOR THE DISABLED, INC.. has also been discriminated against because of its association with its disabled members and their claims.

14.  Defendant owns, leases, leases to, or operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and

36.104.  Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to, is known as RED CARPET INN located at 2460 State Road 84, Dania, in Broward County.

15. ACCESS FOR THE DISABLED, INC., PATRICIA KENNEDY and ROBERT COHEN have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described property but not necessarily limited to the allegations in paragraph 17 of this Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendants. ROBERT COHEN and PATRICIA KENNEDY desire to visit the subject RED CARPET INN not only to avail themselves of the goods and services available at the property but to assure themselves that this property is in compliance with the ADA so that they and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

16. The Defendants have discriminated against the individual Plaintiffs and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

17. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of RED CARPET INN has shown that violations exist. These violations include, but are not limited to:

Restrooms

a.  There are coat hooks provided for patrons of the facility that are inaccessible, violating Sections 4.2.5, 4.2.6 4.25.3 of the ADAAG.

Parking

b.  Some of the disable use spaces have an uneven surface in violation of Section 4.6.3 of the ADAAG.

Entrance Access and Path of Travel

c.  There are curb ramps at the facility that contain excessive slopes, side slopes or cross slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG.
d.  There are curb ramps at the facility that project into vehicular areas in violation of Section 4.7.6 of the ADAAG.
e.  There are no detectable warnings on the curb ramps at this facility in violation of Sections 4.7.7 and 4.29 of the ADAAG.
f.  The ramps do not provide edge protection as prescribed in Section 4.8.7 of the ADAAG.
g.  The ramps at the facility do not provide hand rails as prescribed in Section 4.8.5 of the ADAAG.
h.  There are stairs provided at the facility that do not comply with the standards prescribed in Section 4.9 of the ADAAG.
i.  There are elevators provided at the facility that do not comply with the standards prescribed in Section 4.10 of the ADAAG.
j.  There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG.

Access to Goods and Services

k.  There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG.
l.  There are self-service areas with dispensers whose controls are outside of the reach ranges prescribed in Section 4.2 of the ADAAG.
m.  There are recreational areas for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG.

Accessible Guest Rooms

n.  The fixtures in the disabled use room have controls that cannot be operated with a closed fist in violation of the ADAAG.
o.  The room designated for disabled use does not provide a 36-inch clear floor space on both sides or between the beds where of there are two (2) beds provided in violation of Section 9 of the ADAAG.
p.  The grab-bars in the restroom provided in the room designated as accessible do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG.
q.  The clear floor space provided in the restroom of the room designated for disabled use violates the provisions of Sections 4.18.3 and 4.22 of the ADAAG.

18.     The discriminatory violations described in paragraph 18 are not an exclusive list of the Defendant's ADA violations.  Plaintiffs require the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiffs, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of, services, programs and activities of the Defendant's buildings and their facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiffs, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

19.     Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against the Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services,

segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

20. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

21. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

22. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendants.

23. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to alter RED CARPET INN and the common exterior areas of the properties to make those facilities readily accessible and useable to the

Plaintiffs and all other mobility- impaired persons; or by closing the facility until such time as the Defendants cures their violations of the ADA.

WHEREFORE, the Plaintiffs, ACCESS FOR THE DISABLED, INC., PATRICIA KENNEDY and ROBERT COHEN, respectfully request that this Honorable Court issue (i.) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii.) Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii.) An award of attorneys fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv.) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

DATED:  August 30, 2011

Respectfully submitted,

                         -and-

By:  /s/ Daniel B. Reinfeld                By:  /s/ Glenn Dill
DANIEL B. REINFELD, ESQ.            WILLIAM GLENN DILL, ESQ.
Florida Bar No.: 174815                      Florida Bar No.: 127345
DANIEL B. REINFELD, P.A.                LAW OFFICES OF GLENN DILL, PLLC
Wachovia Financial Center                Wachovia Financial Center
1909 Tyler Street, Suite 405             1909 Tyler Street, Suite 405
Hollywood, FL 33020                       Hollywood, FL 33020
Telephone: (954) 558-8139               Telephone: (561) 459-4400
Facsimile: (954) 628-5054                Facsimile: (954) 628-5054
E-Mail: dan@reinfeldlaw.com           E-Mail: dillwg@aol.com