UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61935-CIV-ALTONAGA/Simonton

**ACCESS FOR THE DISABLED, INC.,**
*et al.*,

      Plaintiffs,
vs.

**FORT LAUDERDALE HOSPITALITY, INC.**,

      Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant, Fort Lauderdale Hospitality, Inc.'s Motion to Dismiss Amended Complaint ("Motion") [ECF No. 13], filed on October 31, 2011. The Motion seeks dismissal of Plaintiffs, Access for the Disabled, Inc., Robert Cohen, and Denise Payne's (collectively, "Plaintiffs[']") Amended Complaint [ECF No. 9]. Defendant filed its Response to the Motion [ECF No. 16] on November 7, 2011, and on November 17, 2011, Plaintiffs filed their Reply [ECF No. 23]. The Court has carefully considered the parties' written submissions and applicable law.

### I. BACKGROUND[1]

This case involves alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.* Plaintiffs, Robert Cohen and Denise Payne, are individuals who reside in Broward County, Florida and who are members of Access for the Disabled. (*See* Compl. ¶¶ 4–5). Access for the Disabled is a not-for-profit Florida corporation with its principal office in Coral Springs, Florida. (*See id.* ¶ 6). Defendant is a corporation authorized to do business in

---

[1] The allegations of Plaintiffs' Amended Complaint are taken as true.

Florida; it owns or leases the property located at 2460 State Road 84, in Broward County, which does business as the Red Carpet Inn. (*See id.* ¶¶ 9–10).

Plaintiffs Cohen and Payne are individuals with disabilities as defined by the ADA. (*See id.* ¶ 11). They suffer from "severe neurological and muscular disease that renders [them] unable to ambulate without a motorized device." (*Id.*). They have visited the Red Carpet Inn in the past and plan to return to the property in the future to avail themselves of the goods and services offered to the public at the property. (*See id.*). Plaintiffs claim they encountered architectural barriers at the Red Carpet Inn which deny or diminish Plaintiffs' ability to visit the property and endanger their safety. (*See id.* ¶¶ 11–12). For example, Plaintiffs allege, among other things, the disabled parking spots at the property are uneven, there are no detectable warnings on the curb ramps at the facility, and the grab-bars in the restrooms do not comply with the ADA. (*See id.* ¶ 17). Plaintiffs claim Defendant, which owns or leases the Red Carpet Inn, is discriminating against them by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages, and/or accommodations of the building. (*See id.* ¶¶ 8, 16).

## II.  LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*,

129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). A court's analysis of a Rule 12(b)(6) motion "is limited primarily to the face of the complaint and the attachments thereto." *Brooks*, 116 F.3d at 1368. The Court may also consider other documents to be part of the pleadings for purposes of Rule 12(b)(6) where the plaintiff refers to the documents in the complaint and those documents are central to the plaintiff's claim. *Id.* at 1369.

### III. ANALYSIS

Defendant contends the Amended Complaint must be dismissed because the action is barred by either *res judicata* or collateral estoppel. (*See* Mot. 5). Specifically, Defendant maintains this is "the third time Defendant has been sued by individuals with alleged disabilities and an organization on behalf of individuals with disabilities for alleged violations of ADA that Plaintiffs claim deny them access to the [Red Carpet Inn]." (*Id.* 1–2) (citing *Advocating Disability Rights, Inc. & Carlisle Wilson v. Fort Lauderdale Hospitality, Inc. d/b/a Red Carpet Inn*, S.D. Fla. Case No. 01-7928-CV-Roettger/Seltzer, filed December 26, 2001 (the "2001 Case"); *Houston v. Fort Lauderdale Hospitality, Inc.*, S.D. Fla. Case No. 04/60364-Marra, filed March 11, 2004 (the "2004 Case")). Defendant asserts that Plaintiffs in the current case seek the same relief as was requested and provided to the plaintiffs in both the 2001 Case and the 2004 Case, and therefore the action should be dismissed. (*See id.* 5). Plaintiff responds that the

Motion should be denied because the "mere fact[] that this suit and two predecessors were brought under the [ADA] by parties with similar disabilities does not establish that the barriers to access alleged in the Amended Complaint [] could have been brought in the prior lawsuits." (Resp. 1).

"Res judicata is frequently used to refer generically to the law of former adjudication." *In re All Am. Semiconductor, Inc.*, 427 B.R. 559, 565 (Bankr. S.D. Fla. 2010) (quoting *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1550 n.3 (11th Cir. 1990)). However, "a former judgment can create two different types of bars to subsequent litigation, depending on whether the subsequent litigation arises from the same or a different cause of action." *Id.* (quoting *In re Justice Oaks*, 898 F.2d at 1550 n.3). Specifically,

> "If the later litigation arises from the same cause of action, then the judgment bars litigation not only of 'every matter which was actually offered and received to sustain the demand, but also [of] every [claim] which might have been presented.' . . . [W]e refer to this strand of former adjudication as 'claim preclusion.' . . . If, however, the subsequent litigation arises from a different cause of action, the prior judgment bars litigation only of 'those matters or issues common to both actions which were either expressly or by necessary implication adjudicated in the first.' . . . We refer to this strand of former adjudication as 'issue preclusion.'"

*Id.* (quoting *In re Justice Oaks*, 898 F.2d at 1550 n.3) (alterations in original).

**1. *Res Judicata***

*Res judicata*, or claim preclusion, bars a subsequent claim when a court of competent jurisdiction entered a final judgment on the merits of the same cause of action in a prior lawsuit between the same parties." *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998) (citing *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986)). In order for a judgment to have *res judicata* effect, four conditions must be satisfied: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and

(4) both cases must involve the same causes of action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001) (citing *Israel Discount Bank Ltd. v. Entin*, 951 F.2d 311, 314 (11th Cir. 1992); *In re Justice Oaks*, 898 F.2d at 1550).

Defendant claims the instant action is barred by *res judicata* based on the judgments in both the 2001 and 2004 Cases. (*See* Mot. 6–7). According to the Plaintiff, however, although the cases concluded with final judgments on the merits rendered by courts of competent jurisdiction, the third and fourth elements of *res judicata* are not satisfied. (*See* Resp. 4). Specifically, Plaintiffs argue that they were "neither parties nor privies to the prior actions" and that "different causes of action are asserted." (*Id.*).

Plaintiffs first assert the Motion must be denied because, contrary to Defendant's assertions, Plaintiffs were not parties in the previous actions nor were they in privity with the plaintiffs in those actions. (*See id.*). Defendant, however, maintains that although Plaintiffs may not have been named parties in the earlier cases, their interests were adequately represented in those cases, and therefore *res judicata* should bar the present action. (*See* Reply 3). In support of its position, Defendant notes the individual plaintiffs in all three cases were allegedly persons with mobility disabilities, the organizational Plaintiff in the 2001 Case sought to bring the action on behalf of person with all disabilities, and the 2001 and 2004 Cases requested the same relief as that sought by Plaintiffs in this case. (*See id.* 2).

As the Supreme Court has emphasized, "[e]xtending the preclusive effect of a judgment to a nonparty runs up against the 'deep-rooted historic tradition that everyone should have his own day in court.'" *Taylor v. Sturgell*, 553 U.S. 880, 881 (2008) (quoting *Richards v. Jefferson Cnty.*, 517 U.S. 793, 798 (1996)). The Eleventh Circuit's "preclusion standards reflect the longstanding and deep-rooted principle of American law that a party cannot be bound by a

judgment in a prior suit in which it was neither a party nor in privity with a party." *E.E.O.C. v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1286 (11th Cir. 2004). "'Privity' is a flexible legal term, comprising several different types of relationships and generally applying when a person, although not a party, has his interests adequately represented by someone with the same interests who is a party." *Id.*

The Supreme Court has identified six exceptions to the general rule that a nonparty should not be bound by a prior judgment: (1) where the nonparty agreed to be bound by the determination of issues in the prior litigation; (2) where there is a pre-existing "substantive legal relationship[]" between the person to be bound and a party to the judgment; (3) where the nonparty was adequately represented by someone with the same interest who was a party to the suit; (4) where the nonparty assumed control over the litigation in which the judgment was rendered; (5) where the nonparty is the designated representative of a person who was a party to the prior adjudication; and (6) where a special statutory scheme expressly forecloses successive litigation by non-litigants and that scheme is consistent with due process[2]. *Taylor*, 553 U.S. 880, 892–95 (2008). The Eleventh Circuit, along with other circuits, also recognizes a "virtual representation" doctrine of non-party preclusion, *see Pemco Aeroplex*, 383 F.3d at 1287, although the court in *Taylor* expressed disdain at the expansiveness of several other circuits' use of this doctrine, *see Taylor*, 553 U.S. at 896–98.

It is uncontested that most of the abovementioned grounds for nonparty preclusion have no application here. There is no indication that Plaintiffs agreed to be bound by the prior cases, that Plaintiffs and the original plaintiffs have any legal relationship, that Plaintiffs exercised any control over either the 2001 Case or the 2004 Case or designated the plaintiffs in those cases as

---

[2] This exception is generally applied in the context of bankruptcy and probate proceedings. *See Taylor*, 553 U.S. at 895.

their legal representatives; nor is there a special statutory scheme that expressly forecloses successive litigation by nonparties. Defendant seems to base its argument on the third exception identified by the Supreme Court — adequate representation by a party with the same interests — and/or the "virtual representation" doctrine. Although they are somewhat related, the Court addresses each of these categories separately for the purpose of clarity.

### a. Adequate Representation

In *Taylor*, the Supreme Court commented that "'[i]n certain limited circumstances,' a nonparty may be bound by a judgment because she was 'adequately represented by someone with the same interests who [wa]s a party' to the suit." *Taylor*, 553 U.S. 880, 894 (quoting *Richards*, 517 U.S. at 798). The Court explained that "[r]epresentative suits with preclusive effect on nonparties include properly conducted class actions, . . . and suits brought by trustees, guardians, and other fiduciaries." *Id.* (internal citations omitted).

The 2001 and 2004 Cases were neither class actions nor were any of the above-listed relationships involved. Defendant simply claims the plaintiffs in the prior cases adequately represented the instant Plaintiffs because they are all persons with mobility disabilities and seek the same relief. However, Defendant cites no caselaw indicating this sort of relationship is sufficient to establish adequate representation for purposes of *res judicata*, nor is the Court aware of any.[3] Consequently, the Court does not find this exception to the general rule against nonparty claim preclusion applicable.

---

[3] The only case cited by Defendant on this point is *Southwest Airlines*, but the court in that case addressed the effect of re-litigation by a private party when a public or governmental entity has previously litigated the same issue. *See Southwest Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 98–99 (5th Cir. 1977). In that case, the court noted that under some circumstances, re-litigation may be precluded where the government party represented private interests in the prior litigation. The present action, however, does not involve litigation by any governmental or public entity.

Case 0:11-cv-61935-CMA   Document 25   Entered on FLSD Docket 11/21/2011   Page 8 of 11

Case No. 11-61935-CIV-ALTONAGA/Simonton

### b. Virtual Representation

"'Virtual representation' is a term of art that [the Eleventh Circuit] ha[s] defined as applying 'when the respective interests are closely aligned *and* the party to the prior litigation adequately represented those interests.'" *Pemco Aeroplex*, 383 F.3d at 1287 (quoting *Delta Air Lines, Inc. v. McCoy Rests., Inc.*, 708 F.2d 582, 587 (11th Cir. 1983)) (emphasis in original). The doctrine of virtual representation provides in essence that "'a person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative.'" *Id.* (quoting *Aerojet-Gen. Corp. v. Askew*, 511 F.2d 710, 717 (5th Cir. 1975)). The Eleventh Circuit has employed four factors in determining whether there is virtual representation: whether there was "'participation in the first litigation, apparent consent to be bound, apparent tactical maneuvering, [and] close relationships between the parties and nonparties.'" *Jaffree v. Wallace*, 837 F.2d 1461, 1467 (11th Cir. 1988) (quoting 18A WRIGHT & MILLER, FED. PRAC. & PROC. § 4457, at 494–99 (alteration in original)). "All of these factors need not be found to meet the virtual representation standard, nor is it necessarily enough that one of them is found; rather, we examine them in concert to determine whether there is virtual representation." *Pemco Aeroplex*, 383 F.3d at 1287.

Overall, the factors do not warrant a finding of virtual representation here. As to the first factor, Defendant does not claim Plaintiffs actually "participated" in the 2001 and 2004 Cases in any way. Nor has Defendant presented any argument regarding these Plaintiffs' apparent consent to be bound by those Cases. The third factor, regarding "tactical maneuvering," has been described as "maneuvering to avoid preclusion." *Id.* at 1288 (quoting 18A FED. PRAC. & PROC. 2d § 4457, at 544–45 (2003). Defendant does not assert Plaintiffs engaged in any sort of tactical maneuvering in this case.

Thus, the only factor on which Defendant seems to rely is the fourth factor — close relationships between the parties and nonparties. This factor has been described as requiring "an express or implied legal relationship in which parties to the first suit are accountable to non-parties who file a subsequent suit raising identical issues." *Id.* (internal quotation and citation omitted). Courts have found the following relationships to be sufficiently "close" to satisfy this factor: estate beneficiaries and administrators, presidents/sole stockholders and their companies, parent corporations and their subsidiaries, and trust beneficiaries and the trustee. *See id.*; *Pollard v. Cockrell*, 578 F.2d 1002, 1008–09 (5th Cir. 1978); *Southwest Airlines*, 546 F.2d at 97 (collecting cases). As previously discussed, none of those relationships are present here, nor was either of the prior cases a properly-certified class-action lawsuit. Defendant merely claims the plaintiffs in the prior cases and Plaintiffs here have a close relationship in that they are all persons with mobility disabilities and seek the same relief. Defendant does not cite any law indicating that this sort of relationship is sufficient to establish a "close relationship" for purposes of *res judicata*, and the Court is not aware of any. The Court is not persuaded that the plaintiffs in the 2001 and 2004 Cases were virtual representatives of Plaintiffs here.[4]

---

[4] Defendant later references the case of *National Association for the Advancement of Colored People (NAACP) v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990), in which the court did find the virtual-representation doctrine applicable. In that case, the Eleventh Circuit found that a challenge to the constitutionality of Alabama's practice of flying the Confederate flag on top of the state capitol was precluded by an adverse judgment in a similar suit brought previously. The court concluded the original plaintiff was "so closely aligned to the NAACP's interests in the original suit that he was their virtual representative." *Id.* Although Defendant does not cite this case in its virtual representation analysis, the Court nonetheless notes that the present action is distinguishable from *Hunt* on that issue in several ways.

First, *Hunt* applied Alabama's law of preclusion rather than federal preclusion law, and "federal privity principles . . . employ a discernibly higher standard than the Alabama law applied in *Hunt*." *Pemco Aeroplex*, 383 F.3d at 1289. Additionally, the United States Supreme Court, post-*Hunt*, narrowed Alabama's preclusion law, reversing several Alabama Supreme Court decisions that found preclusion applied. *See id.* Finally, *Hunt* involved a "general public law issue that affected the plaintiffs' private interests only indirectly," whereas here, Plaintiffs' rights are directly affected by Defendant's alleged conduct. *Id.*

In sum, Defendant, as the moving party, has not satisfied its burden of showing the case is barred by *res judicata*.

### 2. Collateral Estoppel

"Collateral estoppel, or 'issue preclusion' applies when a judgment '[forecloses] relitigation of a matter that has been litigated and decided.'" *Callasso v. Morton & Co.*, 324 F. Supp. 2d 1320, 1324 (S.D. Fla. 2004) (alteration in original) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)). "'Once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue . . . .'" *Id.* (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). It does not matter whether the issue was previously litigated in state or federal court; both determinations are entitled to the same preclusive effect in federal court. *See id.* (citing *Migra*, 465 U.S. at 83). To properly invoke collateral estoppel, a party must meet four factors:

> (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Chazen v. Deloitte & Touche, LLP*, No. 02-00352-CV-BE-S, 2003 WL 24892029, at *1–2 (11th Cir. Dec. 12, 2003) (quoting *Christo v. Padgett*, 223 F.3d 1324, 1339 (11th Cir. 2000)).

With regard to the fourth factor, the Eleventh Circuit has consistently held that collateral estoppel can apply only "when the parties are the same (or in privity) [and] if the party against whom the issue was decided had a full and fair opportunity to litigate the issue in the earlier proceeding." *Pemco Aeroplex*, 383 F.3d at 1285 (quoting *In re Southeast Banking Corp.*, 69 F.3d 1539, 1552 (11th Cir. 1995) (citing *Allen v. McCurry*, 449 U.S. 90, 95 (1980); *In re St.*

*Laurent*, 991 F.2d 672, 675 (11th Cir. 1993)). As discussed, Plaintiffs were not parties to the prior actions, nor were they in privity with a party in either case. Consequently, the doctrine of collateral estoppel cannot be asserted against them.

### IV. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 13]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of November, 2011.

_____
**CECILIA M. ALTONAGA
UNITED STATES DISTRICT JUDGE**

cc: counsel of record